IN THE UNITED STATES DISTRICT COURT
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 0:15-cv-60641-JIC**

ROBERT GROSS,
Individually and on behalf
Of all other consumers similarly situated

      Plaintiff,

v.

GB COLLECTS, LLC
A New Jersey Limited Liability Company
Doing systematic collection work within the
State of Florida, and
DOES 1 THROUGH 10, inclusive

      Defendants.

_____/

**DEFENDANT GB COLLECTS' MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

      GB Collects (hereinafter referred to as "Defendant"), by and through its undersigned counsel, respectfully moves this Court for an Order pursuant to Federal Rule of Civil Procedure 56 granting it summary judgment on all claims brought against it by Robert Gross (hereinafter referred to as "Plaintiff").

**I.**      **INTRODUCTION**

      The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et. seq.*, applies only to the collection of "debts", defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  The Act defines consumer as "any natural person obligated or allegedly obligated to pay any debt."  In his Complaint, Plaintiff alleges Defendant violated the FDCPA in its efforts to collect an obligation owed by Astoria Imports, a furniture manufacturing company,

incurred in the course of its business. By Plaintiff's own omission in the Complaint, the obligation is a commercial obligation, the result of a commercial transaction for materials testing of fabric samples. Therefore, the obligation is not a debt because it was not incurred for personal, family, or household purposes. Thus, Defendant is entitled to summary judgment on all claims alleged in the Complaint, as the FDCPA is not applicable to its collection efforts.

## II.   STATEMENT OF UNCONTROVERTED FACTS

1.      Astoria Imports, a furniture manufacturing company, contracted with ESML Analytical for material testing of fabric samples Astoria considered using in the production of some of its furniture products. (*See* Plaintiff's Complaint at ¶ 16, attached herewith as Exhibit 1).

2.      Subsequent to the testing, Astoria Imports failed to satisfy its obligation to ESML Analytical under the material testing contract. (*See* Exhibit 1 at ¶ 18).

3.      ESML Analytical hired Defendant to collect the commercial obligation. (*See* Exhibit 1 at ¶ 18).

4.      Defendant then sent a letter to Astoria Imports, addressed to Plaintiff, in pursuit of this commercial obligation. (*See* Exhibit 2).

5.      It is Plaintiff's own contention that this obligation was incurred by Astoria Imports, and that the obligation is a commercial obligation. (See Exhibit 1 at ¶¶ 16-18).

## III.   LAW AND ANALYSIS

### A.      Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In reaching a

summary judgment decision the court must view the facts in the light most favorable to the non-moving party. *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. Of America*, 894 F.2d 1555, 1558 (11th Cir. 1990). "[I]f one party moves for summary judgment and…it is made to appear from all the records, files, affidavits and documents presented that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may *sua sponte* grant summary judgment to the non-moving party." *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982).

**B.      The FDCPA Does Not Apply to Defendant's Collection Efforts Because the Obligation in Question was not Incurred for a Personal, Family, or Household Purpose**

Plaintiff alleges many times that the obligation in question is a "commercial debt," incurred by a business, "in the operation of its corporate activities as a furniture manufacturing [sic]." (*See* Exhibit 1 at ¶¶ 16-30). The FDCPA, however, only applies to actions taken by 'debt collectors' seeking to collect a 'debt' from a 'consumer,' as those terms are defined by the statute:

(3)      The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt.

…

(5)      The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

(6)      The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(3), (5)-(6).

By Plaintiff's own admission, this is a commercial obligation, which falls outside the statutory definition of "debt".  (*See* Exhibit 1 at ¶¶ 16, 18, 22).  Astoria Imports, a business entity, incurred the obligation when it hired ESML to perform testing on fabric samples used in the course of its furniture manufacturing business.  (*See* Exhibit 1 at ¶ 16).  Therefore, the obligation is not one of a consumer, as Astoria Imports is not a "natural person obligated… to pay any debt."  15 U.S.C. § 1692a(3).  Furthermore, the obligation, incurred by a business instead of "a consumer," did not arise "out of a transaction in which the… subject of the transaction [was] primarily for personal, family, or household purposes," as by Plaintiff's own account, the obligation is a commercial obligation. 15 U.S.C. § 1692a(5).

It is a threshold requirement of FDCPA claims that the allegedly impermissible action be taken in an effort to collect on an obligation that falls within the statutory definition of 'debt.' *See Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163,1167 (3d Cir. 1987); *see also Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-1361 (S.D. Fla. 2000); *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)("In order to prevail on an FDCPA claim, Plaintiff must prove that… she was the object of collection activity…"); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)("In order to prevail on an FDCPA claim, a plaintiff must prove that… the plaintiff has been the object of collection activity…"); *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)(same); *Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012)(same); *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072 (9th Cir. 2001) (holding courts should "look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone," to determine whether a loan is consumer or commercial in nature); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992) (holding that "[n]either the lender's motives nor the fashion in which the loan is

memorialized" determines whether a transaction is a "debt" under the FDCPA); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) (holding that in determining the nature of the debt, "the relevant time is when the loan is made, not when collection is attempted"); *Boosahda v. Providence Dane LLC* No. 10-1933, 2012 U.S. App. LEXIS 1828, *9-10 (4th Cir. Jan. 31, 2012) ("To establish a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." (internal quotations omitted)); *Perk v. Wordon*, 475 F. Supp. 2d 565, 569 (E.D. Va. 2007) (noting "courts have looked to the substance of transactions to determine whether they fall under the ambit of consumer protection statutes"); *Clark v. Brumbaugh & Quandahl, P.C., LLO*, 731 F. Supp. 2d 915 (D. Neb. 2010) (holding "the [proper] focus [is] on the nature of the debt that was incurred, and not the purpose for which the Account as opened"); *Holman v. W. Valley Collection Serv., Inc.*, 60 F. Supp. 2d 935, 937 (D. Minn. 1999) ("[I]f a communication to a debtor's home converted any commercial debt into an obligation under the FDCPA, it would be tantamount to an amendment of the clear intent of Congress"); *Moss v. Cavalry Invs., L.L.C.*, No. CIV.A.03-2653, 2004 WL 2106523 at *1 (N.D. Tex. Sept. 20, 2004) ("The critical inquiry in determining whether a debt relates to a personal or business obligation is the nature of the underlying transaction"); *Garcia v. LVNV Funding LLC*, No. A-08-CA-514-LY, 2009 U.S. Dist. LEXIS 85967, at *3, 11, 13 (W.D. Tex. 2009) (holding that the plaintiff was not entitled to relief under the FDCPA where he denied the credit card at issue was his because he could not establish that the debt in question arose out of a transaction that was primarily for personal, family or household purposes).

Likewise, given the interconnected nature of the definitions of the terms, Plaintiff cannot establish Defendant is a debt collector in this situation. An entity only becomes a debt collector under the statute where it is collecting "debts." 15 U.S.C. 1692a(6). Again, the FDCPA only prohibits actions by a debt collector, and Defendant is plainly not a debt collector under the statutory definition in this circumstance. Therefore, the FDCPA does not apply to the obligation nor Defendant's efforts to collect it from Plaintiff.

To the extent Plaintiff argues "GB Collects unlawfully converted this otherwise simple commercial dispute into a consumer collection case directly against Gross," that argument is not supported by the facts. (*See* Ex. 1 at ¶19). It is impossible to "convert" a commercial obligation into a consumer debt; the statutory definition is clear that the purpose of the transaction is determined at the time the obligation is incurred. *See, Fenello v. Bank of America, NA*, 577 Fed.Appx. 899, 902 (11th Cir. 2014)(a litigant cannot "amend the definition of a statutorily-defined term.") Furthermore, GB Collects addressed the letter to Mr. Gross in his official capacity as an owner of Astoria Imports. (*See* Exhibit 1 at ¶ 16; Exhibit 2). Thus, the fact that the letter was addressed to Mr. Gross could not provide a basis for "converting" the commercial obligation into a consumer debt. Therefore, Defendant is entitled to summary judgment on all FDCPA claims, and claims based on a violation of the FDCPA.

### C.       The FCCPA Does Not Apply to this Case Because the Obligation was Not Incurred for a Personal, Family or Household Purpose

Plaintiff also seeks to bring a claim under the Florida Consumer Collection Practices Act (FCCPA) in Count II of the Complaint, erroneously cited to as Fl. Stat. § 501.201. (See Ex. 1 at ¶ 54). Like the FDCPA, the FCCPA[1] only applies to collection actions taken in pursuit of

---

[1] **The FCCPA at §559.77(5) states:**

obligations of "a consumer to pay money arising out of a transaction in which the… services which are the subject of the transaction are primarily for personal, family, or household purposes."  Fla. Stat. § 559.55(6).  As previously described, Plaintiff acknowledges that this obligation is a commercial obligation.  (*See* Exhibit 1 at ¶¶ 16, 18, 22).  Therefore, there the FCCPA does not apply to the obligation or Defendant's efforts to collect it and Defendant is entitled to summary judgment on all FCCPA claims as a matter of law.

### D.      Plaintiff Cannot Sustain a Claim Under the Florida Deceptive and Unfair Trade Practices Act as a Matter of Law

Plaintiff claims the allegations in counts one and two of his complaint also constitute violations of the FDUTPA.  (*See* Exhibit 1 at ¶¶ 64-77).  The FDUTPA prohibits the use of "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204.  Several courts have held that debt collection activities are not "trade or commerce" for FDUTPA purposes. *E.g. State v. Shapiro & Fishman, LLP*, 59 So. 3d 353, 355-57 (Fla. 4th DCA 2011); *Law Office of David Stern, P.A. v. State*, 83 So. 3d 847, 849-50 (Fla 4th DCA 2011); *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1371-77 (S.D. Fla. 2010); *Trent v. Mortgage Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007).

The allegations in Plaintiff's complaint of violations of the FDCPA and FCCPA are, as previously described, unsustainable as a matter of law, and therefore cannot constitute violations of the FDUTPA.  Likewise, the language of the FDUTPA does not extend to the obligation at issue in this case.  Defendant did not engage in any "trade or commerce" with Plaintiff.  Trade or commerce extends to "advertising, soliciting, providing, offering, or distributing… any good or

---

**In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act.**

service, or any property… or any other article, commodity, or thing of value." Fla. Stat. § 501.203(8). The statute defines "thing of value" as "any moneys, donation, membership, credential, certificate, prize, award, benefit, license, interest, professional opportunity, or change of winning." Fla. Stat. § 501.203(9). Defendant did not advertise, solicit, provide, offer, or distribute any 'thing of value' to Plaintiff. Rather, it sought to collect an unpaid obligation from Astoria Imports by sending a collection letter to Plaintiff in his capacity as owner of the business that owes the obligation. These actions do not fall within those regulated by the FDUTPA generally, or section 501.211. *See, Williams v Nationwide Credit, Inc.,* Case No. 11-621-127, DE 70, (S.D. Fla. September 9, 2010)("Nationwide's debt collection activities do not give rise to a FDUTPA claim.") Therefore, there the FDUTPA does not apply to the obligation or Defendant's efforts to collect it.

Furthermore, any allegations under the FDUTPA will be unsustainable, as the facts of the case simply do not support a violation. Pursuant to Plaintiff's own complaint, Astoria Imports failed to pay its commercial obligation under the contract with Astoria. (*See* Exhibit 1 at ¶ 18). EMSL then hired Defendant to pursue the unpaid commercial obligation. (*See* Exhibit 1 at ¶ 19). Defendant then sent a collection letter, containing all FDCPA and state-required information, language, and disclosures, addressed to Plaintiff in his capacity as owner of Astoria Imports. (*See* Exhibit 2). Addressing a collection letter to the owner of a company, pursuing an obligation that the entity admits to owing, does not constitute an unfair method of competition, unconscionable act or practice, or unfair or deceptive act or practice as contemplated by the statute. Conversely, it is a legal and permissible act of a collection company in pursuit of a commercial obligation. Thus, any claim under the FDUTPA must fail as a matter of law, and Defendant is entitled to summary judgment on all FDUTPA claims.

### E.    Plaintiff Cannot Sustain a Claim Under the Florida Deceptive and Unfair Trade Practices Act as a Matter of Law as He Suffered No Actual Damages

FDUTPA is intended to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2). *See also Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.,* 693 So.2d 602, 605-06 (Fla. 2d DCA 1997) (discussing the purpose of FDUTPA in light of its legislative history).  A deceptive practice is one that is "likely to mislead" consumers.  *Davis v. Powertel, Inc.,* 776 So.2d 971, 974 (Fla. 1st DCA 2000).  An unfair practice is one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489, 499 (Fla. 4th DCA 2001) (quoting *Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir.1976)).

 "[I]n order for the consumer to be entitled to any relief under FDUTPA, the consumer must not only plead and prove that the conduct complained of was unfair and deceptive but the consumer must also plead and prove that he or she was aggrieved by the unfair and deceptive act."  *Macias v. HBC of Fla., Inc.*, 694 So.2d 88, 90 (Fla. 3d DCA 1997);  See also  *Chicken Unlimited, Inc. v. Bockover,* 374 So.2d 96, 97 (Fla. 2d DCA 1979); *Gen. Motors Acceptance Corp. v. Laesser*, 718 So.2d 276, 277 (Fla. 4th DCA 1998).  In other words, a consumer claim for relief under FDUTPA has three elements:   (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

Even if the allegations made by Plaintiffs are true, the standard for determining the actual damages recoverable under FDUTPA is well-defined in the case law:  "[T]he measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered

according to the contract of the parties…".   *Rollins, Inc. v. Heller,* 454 So.2d 580, 585 (Fla. 3d

DCA 1984) (quoting from *Raye v. Fred Oakley Motors, Inc.;* 646 S.W.2d 288, 290

(Tex.App.1983)).

 "Actual damages" under FDUTPA do not include consequential damages.   See *Fort*

*Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So.2d 311, 314 (Fla. 4th DCA 1998).

FDUTPA's bar on the recovery of consequential damages precludes the recovery of the costs to

repair a building resulting from a deficient inspection for termites. *See Orkin Exterminating Co.*

*v. Petsch,* 872 So.2d 259, 263 (Fla. 2d DCA 2004); *Urling v. Helms Exterminators, Inc., 468*

*So.2d 451, 454 (Fla. 1st DCA 1985).*   Similarly, the recovery afforded under FDUTPA does not

include diminution in value or stigma damages caused by termite damage. *See Orkin*

*Exterminating Co. v. DelGuidice*, 790 So.2d 1158, 1162 (Fla. 5th DCA 2001).

As is clearly shown above, FDUTPA contemplates a contractual or business relationship.

Plaintiff makes no claim of any actual damages in his complaint.  Nor can the Plaintiff make any

claim for actual damages as he has none.  As such, Defendant is, as a matter of law, entitled to

summary judgment on all claims alleging violations of the FDUPTA.

### F.     Plaintiff Cannot Establish a Claim of Fraudulent Misrepresentation as a Matter of Law

Plaintiff alleges Defendant engaged in fraudulent misrepresentation, but fails to provide

any specific representation which he alleges was fraudulent, and simply restates the elements of

the claim.  (*See* Exhibit 1 at ¶ 79).  Plaintiff fails to identify any specific statement that is alleged

to be the bad faith misrepresentation, and merely alleges statements of such a nature were made.

(*See* Exhibit 1 at ¶ 82).  Such threadbare allegations fail to satisfy the pleading requirements of

the Federal Rules of Civil Procedure.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007) (requiring a complaint plead "enough facts to state a claim to relief that is plausible on its

face"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring that a plaintiff set out more than conclusory assertions of the elements of the cause of action to satisfy the Federal Rules of Civil Procedure).   Furthermore, as previously described, Defendant made no misrepresentations to Plaintiff, and its actions complied with both federal and state consumer protection laws.   Thus, Defendant is, as a matter of law, entitled to summary judgment on all claims alleging fraudulent misrepresentation.

### G.      Plaintiff Cannot Establish a Claim of Civil Conspiracy as a Matter of Law

Finally, Plaintiff alleges a civil conspiracy existed between Defendant and its employees by virtue of "some peculiar power of coercion possessed by the conspirators by virtue of their combination, which an individual acting alone does not possess."  (See Doc. X at ¶ 90).  Again, Plaintiff pleads only the elements of civil conspiracy, and provides no facts to support its allegations that those elements are present, failing to satisfy the pleading requirements of the Federal Rules of Civil Procedures.   *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Moreover, the facts do not support the elements of the claim.   In order for an action to be tortious, it must be impermissible by some standard of law.  Defendant has only taken actions which are permissible under all federal and state consumer protection laws.  Where a business entity and its employees take no illegal or impermissible actions, there can be no liability for civil conspiracy.  Therefore, Defendant is entitled to summary judgment as a matter of law on all claims alleging civil conspiracy.

## IV.      CONCLUSION

Based on the foregoing, GB Collects respectfully moves this Honorable Court for an Order granting it a summary judgment and dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted by:

/s/ Dale T. Golden
/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Charles J. McHale, Esquire
FBN:  0026555
201 North Armenia Avenue
Tampa, FL  33609
Phone:  813-251-5500
Fax:  813-251-3675
Email: dgolden@gsgfirm.com
Email: cmchale@gsgfirm.com
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on June 15, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                          /s/ Charles J. McHale
                          Charles J. McHale, Esquire